UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>LEONARD O. WALLACE and<br>PAMELA J. WALLACE,<br><br>         Debtors-in-Possession. | BK Case No. 09-20496-TLM<br><br>Case No. 2:10-CV-113-BLW<br><br>**ORDER** |

# INTRODUCTION

The Court has before an appeal by Debtors-in-Possession, Leonard and Pamela Wallace ("Debtors"). For the reasons explained below, the Court will affirm the Bankruptcy Court's dismissal of the case.

# FACTUAL BACKGROUND

Through negotiations with Norman Hayes, Leonard Wallace agreed to fund development of a patented identification bolus for cattle and other livestock in exchange for an ownership interest in the company purporting to own the patent, MagTrac Bolus, LLC ("MagTrac"). Wallace provided funding over a period of time and acquired a substantial interest in MagTrac. However, the relationship between Wallace and Hayes deteriorated, and Wallace initiated a lawsuit against Hayes, MagTrac, and the remaining

members of MagTrac in Montana state court. The dispute went to arbitration in Wyoming.

The arbitrator found that both Hayes and Wallace breached their fiduciary duties toward MagTrac and its members. The arbitrator determined judgment would be entered against Wallace in favor of MagTrac for $2,500,000.00 based in large part on the arbitrator's finding that Wallace attempted to market the identification bolus patent individually and not on behalf of MagTrac. The arbitrator also determined that Wallace would be entitled to judgment against Hayes for various other amounts.

Wallace requested the arbitration award be modified, arguing that issues concerning ownership of the bolus patent, which were not disclosed during the arbitration process, constituted fraud by Hayes. The arbitrator initially stayed its proceedings pending litigation in Wyoming state court over the ownership of the bolus patent. However, prior to the resolution of that litigation, the arbitrator lifted its stay and entered supplemental findings and conclusions affirming its earlier award. Wallace appealed the arbitrator's award, but the Montana courts affirmed the decision.

MagTrac recorded its judgment in California where Debtors own several industrial/commercial rental properties. MagTrac then assigned its judgment against Wallace to the Hayes Creditors. The Hayes Creditors levied on the rents from Debtors' California properties and had the California court appoint a receiver to collect the rents and market those properties for sale in order to satisfy their judgment. The Hayes Creditors also recorded their judgment in Idaho and Washington.

## PROCEDURAL BACKGROUND

On May 14, 2009, Debtors filed a joint voluntary chapter 11 petition. The Hayes filed a Motion to Dismiss on September 17, 2009. The United States Trustee joined in the Hayes' Motion to Dismiss on November 23,2009. On December 1, 2009, the Bankruptcy Court granted the Hayes' Motion to Dismiss. The Bankruptcy Court entered its Memorandum Decision on January 26, 2010. It entered an Order Granting the Motion to Dismiss on February 1, 2010. Debtors filed a Notice of Appeal on February 16, 2010. The appeal was transferred to this Court after a party filed a timely object to disposition by the Bankruptcy Appellate Panel. The appeal is now fully briefed.

## LEGAL STANDARD

A Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *Anastas v. Am. Sav. Bank (In re Anastas)*, 94 F.3d 128, 1283 (9th Cir. 1996); *see also In re Consolidated Pioneer Mortgage Entities*, 264 F.3d 803, 806 (9th Cir. 2001). The decision to convert a case to Chapter 7 under Section 1112 is within the bankruptcy court's discretion. *In re Consolidated Pioneer Mortgage Entities*, 264 F.3d at 806. "Such a decision will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *Id*. at 806-07 (Internal quotation and citation omitted).

## ANALYSIS

Debtors list several grounds for appeal. However, they seem to focus on only

three issues: (1) loss or diminution of the estate; (2) gross mismanagement; and (3) unusual circumstances and other considerations. Their other arguments seem wholly without legal analysis or support. The Court will address each of the three main arguments below.

**1.      Loss or Diminution of the Estate**

"[S]ubstantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" constitute grounds for dismissal of a Chapter 11 case under Section 1112(b)( 4)(A). Here, the Bankruptcy Court explained that Debtors initial filing in May 2009 showed cash on hand amounting to $122,000. By October 2009, Debtors reported cash on hand of only $4,600. (Dkt. 177, pp 8-9).

The Bankruptcy Court found that the Debtors were spending money at a significant rate, but Debtors' monthly reports did not provide adequate information about where the money was going, and more importantly why it was disappearing. (Dkt. 177, p. 9). The Bankruptcy Court noted that Debtors had significant living expenses, totaling $71,000 from May to October 2009. (Dkt. 177, p. 9). Approximately $48,000 of that is characterized by Debtors as miscellaneous household expenses. (Dkt. 177, p. 9). Debtors also incurred post-petition liability by taking loans from entities they control. (Dkt. 177, pp. 9-10). Debtors were also losing rental income from their California properties. (Dkt. 177, p. 10).

The Bankruptcy Court explained that Debtors showed "no cogent outline of a proposed reorganization or restructure." (Dkt. 177, pp. 10-11). Debtors provided no

evidence of working with creditors regarding a plan to pay the creditors. The Bankruptcy Court explained that "Notwithstanding prebankruptcy arbitration and judgment in favor of MagTrac Bolus, LLC and judicial affirmance of those decisions in the Montana District Court and Supreme Courts," Debtors premised their case upon pursuing their claims against the Hayes. (Dkt. 177, p. 11). But Debtors did not provide any evidence as to how they could reduce their monthly expenses. (Dkt. 177, p. 10). Accordingly, the Bankruptcy Court concluded that "[o]n the present record, with (1) significant depletion of assets; (2) the large unexplained and poorly justified expenditures; (3) an existing reduction and anticipated future reduction in rental income; and (4) no 'plan' beyond claim litigation, cause exists for dismissal under the standard of Section 1112(b)(4)(A)." (Dkt. 177, p. 11).

Debtors' appeal brief does nothing to dispute the Bankruptcy Court's findings and conclusions. Those findings are supported by the record. Moreover, the appeal brief does not identify any error of law by the Bankruptcy Court. Accordingly, the Bankruptcy Court properly dismissed Debtors Chapter 11 case under Section 1112(b)(4)(A).

**2. Gross Mismanagement**

Section 1112(b)(4)(B) provides that a Chapter 11 case may be dismissed due to "gross mismanagement of the estate." The Bankruptcy Court found that Debtors committed several violations of the Bankruptcy Code and Rules. (Dkt. 177, p. 14). Specifically, Debtors violated Section 331 by paying over $8,800 in professional fees without court approval, violated Section 364(a)-(c) by obtaining postpetition financing

without court approval, and improperly paid approximately $9,900 in prepetition debts. (Dkt. 177, pp.12-14).

Debtors fail to identify any shortcoming in the Bankruptcy Court's findings with respect to these violations. The Bankruptcy Court's findings of fact are again supported by the record. Likewise, Debtors point to no legal error by the Bankruptcy Court. Thus, the Bankruptcy Court did properly dismissed the Debtors' Chapter 11 case under 1112(b)(4)(B).

**3.    Unusual Circumstances and Other Considerations**

As explained by the Bankruptcy Court, the Code does not define unusual circumstances. However, courts have determined that it "contemplates conditions that are not common in most chapter 11 cases." *In re Orbit Petroleum, Inc.*, 396 B.R. 145, 148 (Bankr. D.N.M. 2008) (*citing In re Fisher*, 2008 WL 1775123, at *5 (Bankr. D. Mont. 2008). Such conditions must not only be unusual, they must also demonstrate that dismissal or conversion is not in the best interest of creditors and the estate.

Debtors provide no evidence supporting an exception to dismissal under Section 1112(b)(1) or (b)(2). Debtors did not raise any specific argument regarding Section 1112(b)(1) at trial. (Dkt. 177, p. 17.) Those arguments cannot be raised for the first time on appeal. *In re Am. West Airlines, Inc.*, 217F.3d 1161, 1165 (9th Cir. 2000). Moreover, to the extent Debtors' arguments regarding fraud on the Montana court apply to Section 1112(b)(1), the Bankruptcy Court rejected those arguments outright. (Dkt. 177, pp. 17-18). Debtors did not identify any reason why the Bankruptcy Court should not have

rejected them.

Debtors fail to identify any other lega error or mistaken facts with respect to the lack of unusual circumstances in this case. To the degree they make arguments that the length of underlying litigation is somehow an unusual circumstance, they provide the Court with no legal authority supporting that argument.

There is also no evidence that Debtors provided an outline of a reorganization plan to the Bankruptcy Court. The Bankruptcy Court indicated that it was left "without form or detail regarding Debtors' future plan or reorganization." (Dkt. 177, p. 20). Attempting to supply this Court with a plan now is improper. *In re Am. West Airlines, Inc.*, 217 F.3d at 1165.

Finally, Debtors failed to meet their burden of showing a reasonable justification for their misconduct under Section 1112(b)(2)(B). The Bankruptcy Court explained that "[o]n the evidence, Debtors have not demonstrated reasonable justifications for their mismanagement nor that cure is possible." (Dkt. 177, p. 20.) Debtors' appeal brief points to nothing suggesting that the Bankruptcy Court erred as a matter of law, or that its findings of fact were not supported by the record in this regard. Accordingly, the Court will affirm the Bankruptcy Court's order granting the motion to dismiss.

## ORDER

**IT IS ORDERED:**

1. The Bankruptcy Court's Order Granting Motion to Dismiss Debtors' Chapter 11 Case is **AFFIRMED**.



DATED: **March 30, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 8**